UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 0:22cv60912

SABINE MONTAS,

    Plaintiff,

vs.

CHIPOTLE MEXICAN GRILL OF COLORADO, LLC. d/b/a CHIPOTLE MEXICAN GRILL #2417,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

**COMES NOW**, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC (hereinafter referred to as "Defendant"), by and through its undersigned attorney, within the time prescribed by law, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, files this Notice of Removal to remove to this Court the action filed in the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-22-003635, in support therefor respectfully states the following:

### I.    BACKGROUND INFORMATION

1.    On or about March 10, 2022 the Plaintiff, SABINE MONTAS, (hereinafter referred to as "Montas"), filed a personal injury negligence action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida

1

(Case No. CACE-22-003635) based upon an accident occurring on or about August 13, 2019 at a Chipotle restaurant in Boca Raton, Florida. See Plaintiff's Complaint attached hereto as **Exhibit "A"**.

2. This instant State Court Action is removable based on diversity of citizenship of the parties and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs pursuant to 28 U.S.C. § 1332(a).

3. Pursuant to 28 U.S.C. § 1446, Defendant attaches hereto as Composite Exhibit "B" and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit of the State of Florida in and for Broward County, together with a docket sheet from the Broward County Clerk of Court. See *Composite* **Exhibit "B"**.

4. There is current one pending motion in the State Court Action, which is the Plaintiff's Motion to Strike Defendant's Affirmative Defenses, filed on May 5, 2022. See U.S. District Court for the Southern District of Florida Local Rule 7.2 (rev. Dec. 3, 2018).

## II.  REMOVAL FOR DIVERSITY JURISDICTION, GENERALLY

5. The instant State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

6. Pursuant to 28 U.S.C. § 1441(a):

**Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.**

See 28 U.S.C. §1441(a).

7. Further, 28 U.S.C. § 1441(b) provides:

**Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**

See 28 U.S.C. §1441(b).

8. Federal courts are courts of limited jurisdiction that were created by Congress with specified jurisdictional requirements and limitations. Katz v. J.C. Penney Corp., No. 09-CV-60067, 2009 WL 1532129, at *1 (S.D. Fla. June 1, 2009).

9. Additionally, federal jurisdiction is premised on either federal question or diversity of citizenship. See 28 U.S.C. §§1331 and 1332.

10. Moreover, diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff and the defendant are citizens of different states. See 28 U.S.C. § 1332(a).

11. "If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who

carries the burden of demonstrating the court's jurisdiction over the matter." Katz v. J.C. Penney Corp., No. 09-CV-60067, 2009 WL 1532129, at *1 (S.D. Fla. June 1, 2009) (citing Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002)).

12. As demonstrated below, removal to this Honorable Federal Court is proper in this case as this Honorable Court has original jurisdiction over this civil action; specifically, there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **Diversity of Citizenship**

13. "Under 28 U.S.C. § 1332(a), diversity of citizenship is required to establish diversity jurisdiction." E.S.Y., Inc. v. Scottsdale Ins. Co., 217 F. Supp.3d 1356, 1363 n. 2 (S.D. Fla. 2015). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "It is well established that a party's residence is *prima facie* evidence of a party's domicile" and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, Order Denying Motion for Remand (S.D. Fla., June 1, 2009).

14. For the reasons detailed below, this action satisfies the complete diversity of citizenship requirement set forth by 28 U.S.C. § 1332(a)(1).

i. *Plaintiff is a Citizen of the State of Florida and is not a Citizen of Colorado or California*

15. The allegations of diversity are not required to exist in the Complaint. This Court may consider other filings, in addition to the Plaintiff's Complaint.

Huchon v. Jankowski, 2007 WL 221421 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE) (citing Davis v. Cluet, Peabody & Co., 667 F.2d 1371 (11th Cir. 1982)).

16. In the instant case, Plaintiff's Complaint and Plaintiff's Responses to Defendant's discovery requests, taken together, overwhelmingly evidence the conclusion that Plaintiff is currently a citizen of the State of Florida and was a citizen of the State of Florida at the time the incident occurred and at the time this action commenced.

17. First, in Plaintiff's Complaint, Plaintiff alleges that she was and is a resident of Broward County, Florida. See **Exhibit "A"** ¶ 2. This alone is *prima facie* evidence that she was domiciled in, and thus a citizen of, the State of Florida. *See* Katz, 2009 WL 1532129 at *3.

18. Second, in Plaintiff's Responses to Defendant's Request for Admission, served on April 21, 2022 [A copy of Plaintiff's Answers to Defendant's Request for Admission to Plaintiff is attached hereto as **Exhibit "C"**], Plaintiff admitted the following:

    a. The amount in controversy in this matter exceeds $75,000.00. See **Exhibit "C"** at ¶ 1.

    b. Plaintiff is seeking to recover more than $75,000.00 in damages in this action. See **Exhibit "C"** at ¶ 2.

    c. Plaintiff is a resident of the State of Florida. See **Exhibit "C"** at ¶ 3.

    d. Plaintiff is a citizen of the State of Florida. See **Exhibit "C"** at ¶ 4.

e. Plaintiff is not a resident of any State other than Florida. See **Exhibit "C"** at ¶ 5.

f. Plaintiff is not a citizen of any State other than Florida. See **Exhibit "C"** at ¶ 6.

19. Third, upon information and belief, Plaintiff holds a valid and active Florida Class-E (non-commercial) driver's license. Upon information and belief, Plaintiff does not hold a valid and active driver's license issued by any other State.

20. All evidence currently available to the Defendant indicates that the Plaintiff is a resident and citizen of the State of Florida. There is no evidence available to the Defendant suggesting that the Plaintiff resides or has citizenship outside of Florida. There is no evidence available to Defendant suggesting that Plaintiff resides or has citizenship in the states of Delaware and/or California.

### ii. *Defendant is a Citizen of the State of Delaware and the State of California*

21. The Eleventh Circuit Court of Appeals has held that, for the purposes of determining diversity of citizenship, "a limited liability company is a citizen of any state in which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F. 3d 1020, 1022 (11th Cir. 2004). Thus, in the context of a limited liability company, each and every member of the limited liability company must have citizenship that is diverse from the Plaintiff.

22. Further, where a member of a limited liability company is an entity in itself, that entity's citizenship must be determined according to the rules for

determining the citizenship for the particular entity. <u>Hart v. Terminex, Int'l</u>, 336 F. 3d 541, 543 (7th Cir. 2003).

23. Defendant is now, and at the time of the commencement of the State Court action was, a limited liability company organized under the laws of the State of Colorado with its principal place of business in the State of California at 610 Newport Center Drive, Newport Beach, CA 92660. [See documents from the <u>Florida Department of State, Division of Corporations</u> and the <u>State of Colorado Department of State</u>, attached hereto as Composite **Exhibit "D"**].

24. Further, the Defendant has only one member, CHIPOTLE MEXICAN GRILL, INC. [A copy of Chipotle Mexican Grill, Inc.'s 2021 Form 10K is attached hereto as **Exhibit "E."**].

25. CHIPOTLE MEXICAN GRILL, INC. (hereinafter referred to as the "Member Corporation") is a corporation incorporated under the laws of the State of Delaware and having its principle place of business in the State of California at 610 Newport Center Drive, Newport Beach, CA 92660. [See documents from the <u>Florida Department of State, Division of Corporations</u> and the <u>Delaware Department of State, Division of Corporations</u>, attached hereto as Composite **Exhibit "F"**].

26. Therefore, because the Defendant, an LLC, is a citizen of every state in which its members are citizens, and Defendant's only member is a corporation, it is the citizenship of the Member Corporation which controls for purposes of diversity jurisdiction.

27.   For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c).

28.   In this case, the Member Corporation was incorporated under the laws of the State of Delaware and its principal place of business in the State of California. See **Exhibit "F"**.

29.   Moreover, the Member Corporation was neither incorporated nor has its principal place of business in the State of Florida.

30.   As such, Defendant is a citizen of the States of Delaware and California, and is not a citizen of the State of Florida.

31.   There are no allegations, evidence, or reason to believe that the Plaintiff is a citizen of either Delaware or California. Therefore, complete diversity exists.

B. **Amount in Controversy**

32.   Plaintiff's Operative Complaint alleges that "[t]his is an action for damages in excess of $30,000.00, the minimum jurisdictional requirements of the [c]ourt, exclusive of interest and cost." See **Exhibit "A"** at ¶ 1. Plaintiff has not pled any specific amount of damages sought.

33.   When a plaintiff files a case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements. Williams, 269 F.3d at 1319. Thus, a removing defendant need only show that "the amount in controversy more likely than not exceeds the . . . jurisdictional

requirement." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

34.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." Katz, 2009 WL 1532129 at *4 (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing Williams, 269 F.3d at 1320 and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)).

35.     Rule 1.370 Florida Rules of Civil Procedure provides for requests for admission. Fla. R. Civ. P. 1.370. Rule 1.370 provides that, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fla. R. Civ. P. 1.370(b).

36.     A fact admitted in response to a request for admission is a proper method to ascertain whether the jurisdictional amount is present where plaintiff's ad damnum clause is indefinite. Bonnell v. Seaboard Air Line R. Co., 202 F. Supp. 53, 55 (N.D. Fla. 1962); *see also* Field v. Nat'l Life Ins. Co., 8:00-CV-989-T-24TBM, 2001 WL 77101 at *7 (M.D. Fla. Jan. 22, 2001) ("It is clear that interrogatory answers can constitute 'other papers'.").

37.     In the case sub judice, this Honorable Court need look no further than Plaintiff's Responses to Defendant's Request for Admission to determine that the

Defendant has satisfied its burden by proving that the amount-in-controversy requirement has been met. See **Exhibit "C"** ¶¶1-6.

38. On or about April 21, 2022 Plaintiff served Defendant with her Responses to Defendant's Request for Admission to Plaintiff. See **Exhibit "C"**.

39. In Plaintiff's Response to Defendant's Request for Admission to Plaintiff, Plaintiff admitted the following:

   a. The amount in controversy in this matter exceeds $75,000.00.

      See **Exhibit "C"** at ¶ 1.

   b. Plaintiff is seeking to recover more than $75,000.00 in damages in this action.

      See **Exhibit "C"** at ¶ 2.

40. As noted above, Plaintiff's admissions alone clearly exceeds $75,000.00. See **Exhibit "C"** at ¶¶ 1-2.

41. In sum, the evidence to date conclusively establishes that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Consequently, removal is appropriate here. See Katz, 2009 WL 1532129 at *4 (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

C. **Timely Notice of Removal**

42. This Notice of Removal is timely filed pursuant to the provisions of 28 U.S.C. § 1446(b)(3) as it has been filed within thirty (30) days of the Defendant's receipt of Plaintiff's Responses to Defendant's Request for Admission, from which it was first ascertained that this case is one which has become removable. 28 U.S.C. §

1446(b)(3). Consequently, the instant case became removable on, April 21, 2022, when the Plaintiff served its Responses to Defendant's Request for Admission. See **Exhibit "C"** at ¶¶1-6.

43.  Briefly, in addition to Plaintiff's admissions and baseless objections, Plaintiff also alleged that Plaintiff's October 5, 2021 pre-litigation letter charged this Defendant with notice that the amount in controversy exceeded $75,000.00 because Plaintiff's pre-litigation letter offered to settle the instant lawsuit for, among other contingencies, payment in the amount of $500,000.00 within thirty (30) days of its receipt. See **Exhibit "C"** at ¶¶1-2. Thus, Plaintiff erroneously challenges the timeliness of this Defendant's removal on the flawed basis that because Plaintiff's expired pre-litigation letter merely offered to settle the instant lawsuit for an amount in excess of this Court's jurisdictional minimum, such occurrence automatically triggered the thirty-day window for removal upon this Defendant's receipt of Plaintiff's initial Complaint in March of the following year. Id.

44.  To the contrary, pursuant to 28 U.S.C. § 1446(b),

> **If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.**

28 U.S.C.A. § 1446(b).

45.  "The Eleventh Circuit has not ruled on this issue." Fermaintt v. Home Depot U.S.A., Inc., 07-61056-CIV, 2008 WL 11332008, at *2 (S.D. Fla. Feb. 13, 2008).

11

46. However, "[t]he weight of authority, including all Circuit Courts of Appeal to rule on the matter, applies the bright line rule set forth in Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir.1992)." Mobile Ass'n for Retarded Citizens, Inc. v. Arch Ins. Group, Inc., CIV.A. 13-0394-CG, 2013 WL 6147108, at *1 (S.D. Ala. Nov. 22, 2013).

47. In Chapman, the court held that in order to trigger the 30–day time period for removal, "other paper" from which defendant first ascertains that the case is removable must be received by defendant **only after** defendant has received initial pleading. Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992). (emphasis added).

48. The Chapman court explained:

> **The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. The second paragraph of § 1446(b) applies by its terms only "if the case stated by the initial pleading is not removable...." 28 U.S.C. § 1446(b). More important, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable.**

Id. at 164.

49. Moreover, the <u>Chapman</u> court provided:

> **By its plain terms the statute requires that if an "other paper" is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the "other paper" only after it receives the initial pleading. Finally, we believe that our holding that the "other paper" must be received after the filing of the initial pleading is supported by the recitation in the second paragraph of § 1446(b) of the words "amended pleading, motion, order" before the words "or other paper," which clearly refer to actions normally and logically occurring after the filing of the initial pleading.**

<u>Id.</u> at 164.

50. The <u>Chapman</u> court concluded that, "[w]e find the plain language of the statute to be clear in this regard and as such we are bound to follow it." <u>Chapman</u>, 969 F.2d at 164. "[I]n any case requiring statutory construction, the High Court has instructed [] to adhere to the plain language of the law unless 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" <u>Id.</u> (citing <u>In re Meyerland Co.</u>, 960 F.2d 512, 516 (5th Cir. 1992) (quoting <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)).

51. This jurisdiction has applied the <u>Chapman</u> rule in <u>Fermaintt v. Home Depot U.S.A., Inc.</u>, 07-61056-CIV, 2008 WL 11332008, (S.D. Fla. Feb. 13, 2008) and <u>Ianniello v. Target Corp.</u>, 07-21908-CIV, 2008 WL 11408622, at *1 (S.D. Fla. Feb. 13, 2008) (both finding <u>Chapman</u> persuasive and holding that Plaintiffs' pre-suit settlement demand package did not constitute an "other paper" triggering the thirty-day time period for removal). Moreover, this jurisdiction in both <u>Fermaintt</u> and

Ianniello, explained that, "the defendant must receive the 'other paper' after it receives the initial pleading in order for the 'other paper' to trigger the thirty-day notice period." Id.

52. Additionally, this jurisdiction has held, "[i]f an 'other paper' is to start the 30-day deadline, a defendant must receive the 'other paper' after service of the initial pleading. Needham v. Lexington Ins. Co., 18-10128-CIV, 2018 WL 10517034, at *2 (S.D. Fla. Oct. 17, 2018) (citing Goldstein v. GFS Mkt. Realty Four, LLC, No. 16-CV-60956, 2016 WL 5215024, at *14 (S.D. Fla. Sept. 21, 2016) (concluding that the plaintiff's pre-suit settlement demand and pre-suit CRN did not start the running of the 30-day time period for removal). See also Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co., No. 6:09-CV-1711-ORL31DAB, 2009 WL 4855700, at *3-4 (M.D. Fla. Dec. 10, 2009) (holding that the plaintiff's pre-suit Sworn Statement in Proof of Loss did not trigger the 30-day clock).

53. Moreover, this jurisdiction in Needham held that, "because Defendant received [the estimate, proof of loss, presuit demand and CRM] before being served with the Complaint, they cannot serve as "other paper" for purposes of triggering the 30-day deadline. Needham v. Lexington Ins. Co., 18-10128-CIV, 2018 WL 10517034, at *2 (S.D. Fla. Oct. 17, 2018).

54. This jurisdiction has held that, "[a]lthough some courts divide on the issue, many courts have found that pre-suit documents do not constitute 'other papers' for purposes of ascertaining whether a case is removable under § 1446(b)(3)." MIR Convenience Store, Inc. v. Century Sur. Co., 14-60425-CIV, 2014

WL 2118878, at *2 (S.D. Fla. May 21, 2014) (citing Lambertson v. Go Fit, LLC, 918 F.Supp.2d 1283, 1287 (S.D. Fla. 2013) (finding that pre-suit document did not serve as notice of claim's value so as to trigger the thirty-day removal clock). The Court in MIR, provided, "[a]s the Fifth Circuit explained, "[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading." MIR Convenience Store, Inc. v. Century Sur. Co., 14-60425-CIV, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) (citing Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir.1992).

55.    Lastly, venue exists and is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because the State Court Action was filed in and is currently pending in the Seventeenth Judicial Circuit in and for Broward County, Florida. The Fort Lauderdale Division of the United States District Court for the Southern District of Florida embraces Broward County.

**WHEREFORE**, for all the foregoing reasons, the Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, hereby requests this Honorable Court to accept jurisdiction over this matter via Removal from State Court on grounds of diversity jurisdiction, and for such other relief as deemed just and proper.

Dated: May 13, 2022.

Respectfully submitted,

HIGHTOWER, STRATTON,
NOVIGROD & KANTOR
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
Telephone: (561) 833-2022
Facsimile: (561) 833-2140

By:_____
HERB L. UZZI, ESQ.
Florida Bar No.: 112244
*Counsel for Defendant*
Primary: huzzi@hightowerlaw.net
Secondary: eramos@hightowerlaw.net
Secondary: rcorral@hightowerlaw.net

*(Certificate of Service on following pages)*

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on May 13, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day upon the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

>
> HIGHTOWER, STRATTON,
> NOVIGROD & KANTOR
> 330 Clematis Street, Suite 201
> West Palm Beach, Florida 33401
> Telephone: (561) 833-2022
> Facsimile:  (561) 833-2140
>
> By:_____
> HERB L. UZZI, ESQ.
> Florida Bar No.: 112244
> *Counsel for Defendant*
> Primary: huzzi@hightowerlaw.net
> Secondary: eramos@hightowerlaw.net
> Secondary: rcorral@hightowerlaw.net

## SERVICE LIST

*SABINE MONTAS V. CHIPOTLE MEXICAN GRILL OF COLORADO, LLC*
**United States District Court, Southern District of Florida
Fort Lauderdale Division
CASE NO.: 0:22cv60912**

Michael A. Weiss, Esq.
Blaunt Weiss Law Group,
8211 West Broward Boulevard, Suite 340,
Plantation, Florida 33324,
mweiss@blautweiss.com
achil@blautweiss.com
*Counsel for Plaintiff*