Filing # 145472685 E-Filed 03/10/2022 02:25:57 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

SABINE MONTAS,

      Plaintiff,

vs.

CHIPOTLE MEXICAN GRILL OF COLORADO, LLC. d/b/a CHIPOTLE MEXICAN GRILL #2417

      Defendants.
_____/

CASE NO.:

## COMPLAINT

**COMES NOW**, the Plaintiff, SABINE MONTAS, and sues Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC. d/b/a CHIPOTLE MEXICAN GRILL #2417 and alleges as follows:

1. This is an action for damages in excess of $30,000.00, the minimum jurisdictional requirements of the Court, exclusive of interest and cost.

2. At all times material hereto, Plaintiff, SABINE MONTAS was and is a resident of Broward County, Florida.

3. At all times material hereto, Defendant, Chipotle Mexican Grill of Colorado, LLC. (hereinafter referred to as "CHIPOTLE") was a foreign corporation authorized to and doing business in Broward County, Florida and is *sui juris*.

4. Venue is proper in Broward County, Florida as the incident that is the subject of the Complaint occurred in Broward County, Florida.

5. At all times material hereto, the Defendant, CHIPOTLE owned and operated a restaurant at 3231 SW 168th Ave, Suite 101, Miramar, Florida.

6. At all times material hereto, the Defendant, CHIPOTLE operated a restaurant that was open for business and open to the public.

7. At all times material here to, Plaintiff, SABINE MONTAS, was a business invitee of the Defendant and/or was otherwise lawfully on the premises.

8. At all times material hereto, the Defendant, CHIPOTLE had a non-delegable duty to operate, inspect and maintain the premises in a safe condition.

9. At all times material hereto, Defendant, CHIPOTLE had a non-delegable duty to warn invitees of dangerous conditions on the Defendant's property.

10. On August 13, 2019, the Plaintiff was walking into the restaurant when she slipped and fell on a wet floor.

11. The Defendant created the danger and/or knew or should have known of the existence of the wet floor.

12. Additionally, the Defendant failed to post any type of warning sign or barricade to warn invitees such as the Plaintiff of the dangerous condition.

13. At all times material hereto, the Defendant, by and through its employees, agents, servants, apparent agents and/or representatives had a duty to use reasonable care and maintain the premises so as to cause same to be free and safe from unreasonable risk or harm and owed a duty for the protection of invitees such as the Plaintiff.

14. At all times material hereto, Defendant carelessly and negligently maintained its premises creating a dangerous condition and the Defendant breached the aforementioned duties as follows:

    a. Allowing, permitting, and/or creating a dangerous condition to exist on the premises for an extended period of time of which the Defendant was aware, or should have been aware;

    b. By failing to maintain said premises in a reasonably safe condition;

    c. By failing to warn to the Plaintiff of a dangerous condition that the Defendant created and/or knew or by exercise of reasonable diligence, should have known existed;

    d. By failing to have appropriate and adequate inspections and maintenance procedures in place to monitor and correct dangerous conditions;

    e. By failing to place appropriate or any warning signs or devices to alert invitees such as the Plaintiff of the dangerous condition;

    f. By failing to supervise, monitor, correct the various employees, agents, servants, apparent agents or representatives responsible for the inspection, maintenance and/or supervision of the premises;

    g. By engaging in a negligent mode of operation which allowed a dangerous and defective condition to exist in an area open to invitees such as the Plaintiff;

    h. By failing to ensure its agents and/or employees discharged the non-delegable duty to maintain the commercial premises in a reasonably safe condition;

    i. By causing or permitting a dangerous condition to exist which created a foreseeable zone or risk and/or danger for invitees such as the Plaintiff;

    j. By failing to adequately train, supervise, educate and monitor its agents and/or employees regarding safety, inspections, maintenance, the usage of signs, warning devices, mats, and/or barricades;

    k. By allowing a dangerous condition to exist notwithstanding the fact that such dangerous condition occurs with frequency and regularity.

    l. By creating a foreseeable zone of risk for invitees such as the Plaintiff.

15. As a direct and proximate result of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered pain there from, and incurred medical expenses, suffered disability, mental anguish, inconvenience, lost wages and/or income, suffered a loss of earning capacity, and the loss of capacity for the enjoyment of life. The injuries are either permanent or continuing in nature and the Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE Plaintiff demands judgement for damages against Defendant for compensatory damages in excess of $30,000.00 exclusive of interest and costs and further demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing Complaint was electronically filed with the e-Portal this [__] day of March, 2022 and was served upon Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC. d/b/a CHIPOTLE MEXICAN GRILL #2417, along with the Summons.

                                            **BLAUT WEISS LAW GROUP**
                                            *Attorney for Plaintiff*
                                            8211 West Broward Boulevard, Suite 340
                                            Plantation, Florida 33324
                                            Office: (954) 634-1800
                                            Direct: (954) 634-8700
                                            Fax: (954) 634-1802
                                            Email: mweiss@blautweiss.com
                                                       achil@blautweiss.com

By: _____
                                            MICHAEL A. WEISS
                                            Florida Bar No.: 984582